PER CURIAM.
Appellants seek review of an adverse final judgment in an action in which they alleged that the appellee had breached certain fiduciary duties owed them.
The instant action was instituted by the appellants (hereinafter called plaintiffs) claiming the appellee (hereinafter called defendant), while president and a member of the board of directors of Sterling Fifty-Six, Inc., breached a fiduciary duty owed to the plaintiffs in a transaction involving a default on a promissory note by that corporation, a subsequent foreclosure action and judicial sale because of said default and the purchase of the collateral which secured the promissory note by the defendant from the Sterling National Bank of Davie (hereinafter called Bank), after a certificaté of sale was issued to said Bank.
*468 The collateral for the debt, which was in the principal amount of Sixty-five Thousand Dollars ($65,000.00), was a mortgage on real property owned by such corporation and an assignment of certain rights it had to collect these monies from the recreational facilities of a condominium development known as Sterling Fifty-Six. All of the stockholders of the corporation, including the plaintiff, Pat Procacci, and the defendant, Hy Solomon, and their wives, personally guaranteed the payment of the note.
The plaintiff-corporation failed to make the first payment on the note which was due October 3, 1970, and the note went into default. Subsequently, on March 2, 1971, the Bank brought suit to foreclose the mortgage which secured the promissory note. In February of 1971, the defendant became president of that corporation.
On July 6, 1971, the Bank obtained a final judgment of foreclosure and on August 16, 1971, the collateral was purchased at a judicial sale by the Bank, and a certificate of sale was issued to the Bank on that date. Thereafter, this sale was confirmed by the Circuit Court and this decision was per curiam affirmed by this Court in Sterling Fifty-Six, Inc. et al. v. Sterling National Bank of Davie, 278 So.2d 638 (4th DCA Fla.1973), “without prejudice to any claim that Procacci may have against Solomon arising out of the corporate capacity of the parties involved.” 278 So.2d at 639.
On September 28, 1971, the Bank sold and assigned all of its rights obtained in the foreclosure action to the defendant, for value, with the defendant pledging certain .of his individual assets not encumbered by the original mortgage to the Bank and paying in full the debt owed the Bank due by virtue of the .final judgment of foreclosure.
The case proceeded to a non-jury trial and after hearing all the testimony, the trial judge found as follows:
“1. HY SOLOMON acted properly in his capacity as officer and director of STERLING FIFTY-SIX, INC. at all times pertinent hereto.
“2. The Plaintiff failed to prove any breach of a fiduciary duty by the Defendant, HY SOLOMON.
“3. HY SOLOMON acted properly prior to and subsequent to the foreclosure action on the subject real property.
“4. All interested persons had full notice of the foreclosure proceedings and PAT PROCACCI had full notice and knowledge of said foreclosure proceedings by direct notice to his attorney of record.
“5. HY SOLOMON acted properly in purchasing the interest of the Sterling National Bank of Davie of all of its rights obtained in the subject foreclosure, after a Certificate of Sale was issued to said Bank.
“6. HY SOLOMON is not liable to the Plaintiffs.”
Based on these findings, the trial judge entered judgment in favor of the defendant, Hy Solomon, and further found that the defendant shall go hence without day, and that the plaintiffs herein shall take nothing from the defendant. The plaintiffs appealed therefrom. We affirm.
After a review of the record on appeal, we conclude that there was competent substantial evidence to support the findings of the trial judge, who sat as the trier of the facts as well as the law and, therefore, we will not disturb these findings on appeal. See 2 Fla.Jur., Appeals, § 346 (1963) and cases cited therein.
Accordingly, the judgment herein appealed is
Affirmed.
OWEN and MAGER, JJ., and DIA-MANTIS, GEORGE N., Associate Judge, concur.